## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| GREGORY JONES,<br><br>  Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.,<br><br>  Defendant. | CIVIL ACTION<br>FILE NO.: _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Gregory Jones, by counsel, hereby files his Complaint ("Complaint") against Defendant Citibank, N.A. ("Defendant") as follows:

## INTRODUCTION

1.

This is an action for actual, statutory, and punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*. ("FCRA").

2.

Plaintiff is the victim of identity theft as the result of a fraudster's unauthorized use of some of his personal identifiable information ("PII") to apply for a credit card account with Wayfair/Mastercard beginning in account number 5284 ("Account") in his name and without his knowledge or consent. Defendant owns the Account.

3.

Plaintiff is a "consumer" and Defendant is a furnisher of information as those terms are defined or used by the FCRA.

4.

As set forth below, Defendant filed a collections lawsuit against Plaintiff for the Account. Defendant also reported the Account to the credit bureaus – Equifax, Trans Union, Experian (collectively "CRAs") under Plaintiff's name to be included in his credit reports.

5.

Plaintiff disputed Defendant's wrongful collections lawsuit directly with Defendant and notified Defendant he did not open the Account ("Direct Disputes"). Plaintiff thereafter disputed the Account with the CRAs, including Equifax, that were reporting it ("Indirect Disputes"). The CRAs, upon information and belief, transmitted Plaintiff's Disputes to Defendant and Defendant received them from the CRAs. Defendant failed to conduct a reasonable investigation of Plaintiff's Indirect Disputes and verified the Accounts as accurate to Equifax when, in fact, such reporting was inaccurate.

6.

Defendant's actions, and inactions, described herein violated the FCRA.

7.

As set forth below, Plaintiff suffered concrete harm as a result of Defendant's violations of the FCRA.

**PARTIES, JURISDICTION, AND VENUE**

8.

At all times material to this action, Plaintiff was a resident of Florida and this District.

9.

At all times material to this action, Defendant was a national bank doing business in Florida and this District.

10.

Defendant may be served with a copy of this Complaint and accompanying Summons through its President/officer, to wit: Sunil Garg, 388 Greenwich Street, New York, NY 10013.

11.

The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

12.

Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

13.

Defendant is subject to the jurisdiction of this Court.

## **FACTUAL ALLEGATIONS**

14.

Plaintiff lives and works in this District. He is an individual and a consumer under the FCRA.

15.

Upon information and belief, Plaintiff's PII was stolen and used by a third party to apply for the Account. The Account was opened using an address in Ft. Lauderdale where Plaintiff never lived and is unknown to him.

16.

Plaintiff did not apply for the Account and does not know who did. He did not receive any benefit from the Account.

17.

Plaintiff did not live at the Ft. Lauderdale address used to open the Account.

18.

A fraudster applied for the Account in Plaintiff's name.

19.

Apparently the fraudster that Defendant permitted to open the Account did not pay the Account and Defendant charged it off. Defendant turned the delinquent debt over to a collections law firm to sue Plaintiff for the debt he did not owe.

20.

Defendant reported the delinquent Account to one or more of the CRAs, including Equifax.

21.

The Account was inaccurate. Plaintiff did not owe the Account. The Account was the result of fraud.

22.

In 2025, Plaintiff repeatedly made his Direct Disputes of the Account with Defendant's collection law firm by phone. Defendant's collection law firm said it would investigate the matter but never responded to Plaintiff and persisted with its wrongful collections lawsuit.

23.

Defendant did not cease its collection efforts, particularly its credit reporting of the Accounts to the CRAs under Plaintiff's name, notwithstanding Plaintiff's Direct Disputes.

24.

In 2025, following Plaintiff's Direct Disputes, Plaintiff further made his Indirect Disputes of the Account with the CRAs that were reporting it and provided a dispute letter, an identity theft report, and other supporting documents with one or more of his Indirect Disputes.

25.

Defendant received Plaintiff's Disputes and Indirect Disputes including the identity theft report and other supporting documents.

26.

Defendant refused to direct Equifax to delete the inaccurate Account from Plaintiff's credit report in response to Plaintiff's Direct Disputes and/or Indirect Disputes.  Instead, Defendant continued its collection efforts and to report the Account to Equifax under Plaintiff's name.

27.

Defendant failed to conduct a reasonable investigation of Plaintiff's Indirect Dispute to Equifax and its conduct violated the FCRA.

28.

As a result of Defendant's violations of the FCRA, Plaintiff has suffered, and continues to suffer, emotional distress from having an inaccurate credit file that Defendant refuses to properly reinvestigate; his wasted time and effort to review his credit files for inaccuracies; his time and effort to make his Disputes with Defendant that Defendant failed to properly

reinvestigate; lowered credit score; worry about security clearance, and other damages to be shown at trial.

29.

As a result of Defendant's violations of the FCRA, Plaintiff was required to retain legal counsel to assist him.

## COUNT ONE:
### Defendant's Negligent Violations of the FCRA

30.

Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

31.

Defendant negligently violated the FCRA in at least the following ways:

    (a) Failing to meet its investigation obligations with respect to Plaintiff's Indirect Disputes in violation of 15 U.S.C. § 1681s-2(b).

32.

As a result of Defendant's violations of the FCRA, Plaintiff has been damaged as set forth above.

33.

Pursuant to 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for his damages as set forth above and in an amount to be determined by the Court.

34.

Pursuant to 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for his reasonable attorneys' fees and costs.

## COUNT TWO:
**Defendant's Willful Violations of the FCRA**

35.

Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

36.

Defendant willfully violated the FCRA in at least the following ways:

    (a) Failing to meet its reinvestigation obligations with respect to Plaintiff's Disputes in violation of 15 U.S.C. § 1681s-2(b).

37.

As a result of Defendant's willful violations of the FCRA, Plaintiff has been damaged as set forth above.

38.

Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff for his damages as set forth above and in an amount to be determined by the jury.

39.

Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff for statutory and punitive damages as a result of its willful violations of the FCRA.

40.

Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff for his reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests the judgment be entered in his favor and against Defendant for his actual damages, punitive damages, statutory damages, attorneys' fees and costs, under the FCRA and FDCPA, and all other relief deemed just, equitable, and proper by the Court.

**TRIAL BY JURY IS DEMANDED.**

Dated: June 20, 2025.

                                        Respectfully submitted,

                                        */s/ John A. Love*
                                        John A. Love
                                        FL Bar No. 67224
                                        LOVE CONSUMER LAW
                                        2500 Northwinds Parkway
                                        Suite 330
                                        Alpharetta, GA  30009
                                        404.855.3600
                                        tlove@loveconsumerlaw.com